Adam Kraut, Esq.
Attorney Id No. 318482
AKraut@PrinceLaw.com

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN O. BOARDER** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | Civil Action |
| | : | |
| **JEFFERSON B. SESSIONS III,** | : | |
| Attorney General of the United | : | No. 5:17-CV-03185-LS |
| States | : | |
| | : | |
| **THOMAS E. BRANDON,** | : | |
| Acting Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms, and Explosives | : | |
| | : | |
| **ANDREW G. MCCABE,** | : | Complaint – Civil Rights |
| Acting Director of the Federal Bureau | : | |
| of Investigation | : | |
| | : | |
| **UNITED STATES OF** | : | |
| **AMERICA** | : | |
| Defendants | : | |

**AMENDED COMPLAINT**

COMES NOW Plaintiff Kevin O. Boarder, by and through his attorneys, Adam Kraut, Esq. and Joshua Prince, Esq., of Prince Law Offices, P.C., and complains of Defendants as follows:

## INTRODUCTION

1. This is an action to uphold Plaintiff's right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2. The Third Circuit Court of Appeals in *Binderup v. AG of United States*, 836 F.3d 336 (3d Cir. 2016) held that an individual can successfully bring a Second Amendment *as-applied* challenge to a non-violent misdemeanor conviction which results in a firearm and ammunition disability.

3. Defendants have collectively and individually prohibited a particular class of persons, including Plaintiff, from obtaining, possessing, keeping, bearing, or otherwise utilizing firearms and ammunition as a result of a misdemeanor driving under the influence ("DUI") conviction, where no other person was injured by the conduct.

4. Specifically, individuals, such as Plaintiff, who after previously receiving ARD for a DUI and are thereafter convicted of two subsequent DUI offenses in Pennsylvania, pursuant to Pennsylvania's old DUI Code (75 Pa.C.S. § 3731 *et seq*.), where the individual's blood alcohol content is .10 or more, in the absence of harm to another individual, are stripped of their constitutional right to Keep and Bear Arms.

5. Furthermore, those individuals, such as Plaintiff, are not afforded any means to demonstrate – following their conviction – their fitness to restore their Second Amendment right to acquire, possess, keep, bear, or otherwise utilize a firearm in his or her private capacity, or for the defense of his or her hearth and home, except through a Second Amendment *as-applied* challenge.

6. The current putative perpetual prohibition on individuals keeping, bearing, acquiring, possessing, or utilizing a firearm, as a result of a DUI conviction, where no other person was injured, infringes upon the individual's right to Keep and Bear Arms, as it arbitrarily denies the entire class of persons without regard to the particular circumstances of that individual's case.

7. Thus, numerous mentally sound, stable, trustworthy individuals, such as Plaintiff, are perpetually denied their Constitutional right to keep and bear arms in defense of their home, as a result of a DUI conviction, with no

regard or consideration of the particular circumstances surrounding the individual.

## **PARTIES**

8.   Plaintiff Kevin O. Boarder, ["Mr. Boarder"] is a natural person, and a citizen of Shoemakersville, Pennsylvania and the United States. Mr. Boarder had his first DUI in or about 1983-84 in Berks County, which was disposed of pursuant to Pennsylvania's Accelerated Rehabilitative Disposition ("ARD") program and thereafter expunged. In 1993, he was convicted of a second offense of DUI, in North Cumberland County, PA, where he was sentenced to 48 hours of imprisonment, ordered to pay costs of prosecution, fined in the amount of $710, had his driver's license suspended, attended a treatment program for alcohol related issues and probation. In 2003, he was convicted of a third offense of DUI, in Berks County, PA, where he was sentenced to 96 hours of imprisonment, ordered to pay the costs of prosecution, submit to urine surveillance, drug and alcohol treatment, attend the Alcohol Safe Driving Program, 24 hours of community service, install an ignition interlock device on his vehicle and pay $2,936.90 in costs and fines. Mr. Boarder's attorney failed to advise Mr. Boarder of the loss of his Second Amendment rights pursuant to a guilty plea or conviction. It is Mr.

Boarder's present intention and desire to purchase and possess a handgun and long gun for self-defense within his home.  As Mr. Boarder is only under a Federal firearms and ammunition disability, he is prevented from doing so solely by Defendants' active enforcement of the policies complained of in this action.

9.    Defendant Jeff Sessions ("Attorney General" or "Sessions") is being sued in his official capacity as the Attorney General of the United States.  As Attorney General, Defendant Sessions is responsible for executing and administering the laws, regulations, customs, practices, and policies of the United States.  He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.  As Attorney General, Defendant Sessions is ultimately responsible for supervising the functions and actions of the United States Department of Justice, including the ATF, which is an arm of the Department of Justice.

10.    Defendant Thomas E. Brandon ("ATF Director" or "Brandon") is being sued in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").  ATF is responsible for, *inter alia*, regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce.  As Acting Director of ATF, Defendant Brandon responsible for the creation,

implementation, execution, and administration of the laws, regulations,

customs, practices, and policies of the United States.  He is presently

enforcing the laws, regulations, customs, practices, and policies complained

of in this action.

11.  Defendant Andrew G. McCabe ("FBI Director" or "McCabe") is being sued

in his official capacity as Director of the Federal Bureau of Investigation

("FBI").  FBI is the agency responsible for performing background checks

for federal, state, and local law enforcement authorities via the National

Instant Check System ("NICS").  FBI is responsible for maintaining the

NICS database reflecting that individuals are prohibited from acquiring,

possessing, and utilizing a firearm.  FBI sets forth policies, procedures,

regulations, and customs relating to NICS and background checks for

firearm purchasers.  As Director of the FBI, Defendant McCabe is

responsible for the execution of administration of these policies, procedures,

regulations, and customs, including those complained of in this action.

12.  Defendant United States of America ("United States") is a proper party in

this action pursuant to 5 U.S.C. § 702.

## JURISDICTION AND VENUE

13. This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America.

14. This action seeks relief pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202, 2412, and 5 U.S.C. § 702.  Therefore, jurisdiction is founded on 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

15. This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925a.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claims occurred in the Eastern District of Pennsylvania.

## STATEMENT OF FACTS RELATING TO PLAINTIFF

17. The foregoing paragraphs are incorporated herein as if set forth in full.

18. Mr. Boarder:

    a.  Is a United States citizen;

    b.  Is over the age of 21;

    c.  Is not under indictment;

    d.  Has never been convicted of a felony or misdemeanor crime of

       domestic violence;

    e.  Has only once been convicted of a crime punishable by more than one

       (1) year;

    f.  Is not a fugitive from justice;

    g.  Is not an unlawful user of, or addicted to, any controlled substance;

    h.  Has not been adjudicated a mental defective or been committed to a

       mental institution;

    i.  Has not been discharged from the Armed Forces under dishonorable

       conditions;

    j.  Has never renounced his citizenship; and,

    k.  Is not the subject of a restraining order relating to an intimate partner.

19.  Mr. Boarder received Accelerated Rehabilitative Disposition ("ARD"),

    pursuant to 75 Pa.C.S. § 1552, for his first DUI offense in or about 1983 or

    1984 in Berks County, PA, and which the court later expunged.

20.  Mr. Boarder would be convicted, for the first time, of DUI, pursuant to 75

    Pa.C.S. § 3731(a)(1)[1], which was graded as a misdemeanor of the 2nd degree,

    which can be punished by up to 2 years in jail, pursuant to 18 Pa.C.S. §

---

[1] *Repealed.*

106(b)(7). *See*, Pennsylvania State Police background check, attached hereto and incorporated herein as Exhibit A.

21. Mr. Boarder would be convicted, for the second time, of DUI, pursuant to 75 Pa.C.S. § 3731(a)(4)[2], which was graded as a misdemeanor of the 1st degree, which can be punished by up to 5 years in jail, pursuant to 18 Pa.C.S. § 106(b)(6). [3]

22. As reflected on Mr. Boarder's background check, his 1993 and 2003 DUIs are his only criminal convictions and only the 2003 conviction is federally prohibiting. *Id.* [4]

23. As a result of his first conviction, Mr. Boarder was sentenced to 48 hours of imprisonment, ordered to pay costs of prosecution, fined in the amount of $710, had his driver's license suspended, attended a treatment program for alcohol related issues and probation. *See*, Mr. Boarder's 1993 Sentencing Order, attached hereto and incorporated herein as Exhibit B.

24. As a result of his second conviction, Mr. Boarder was convicted of a third offense of DUI, in Berks County, PA, where he was sentenced to 96 hours of imprisonment, ordered to pay the costs of prosecution, submit to urine

---

[2] *Repealed*.
[3] *See* Exhibit A.
[4] Defendants provided Plaintiff with FBI records, which contend he was charged and convicted in New York of a Petite Larceny in 1976. The undersigned has not been able to confirm that Mr. Boarder was charged and/or convicted of this offense. Regardless, there is no dispute that the offense would not be federally prohibiting, as Petite Larceny in New York is a misdemeanor that cannot be punished by more than a year.

surveillance, drug and alcohol treatment, attend the Alcohol Safe Driving

Program, 24 hours of community service, install an ignition interlock device

on his vehicle and pay $2,936.90 in costs and fines.  *See*, Mr. Boarder's

2003 Sentencing Order, attached hereto and incorporated herein as Exhibit

C.

25. Unfortunately, as few attorneys, district attorneys and judges are aware of or

understand the federally prohibiting criteria, Mr. Boarder was not informed

that his 2003 conviction would putatively strip him of his right to Keep and

Bear Arms in perpetuity, pursuant to 18 U.S.C. § 922(g)(1).

26. Moreover, the guilty plea colloquy is noticeably devoid of any reference to

the Second Amendment, firearms or rights that Mr. Boarder would lose if he

plead guilty to the offense. A copy of the guilty plea colloquy is attached

hereto and incorporated herein as Exhibit D.

27. Mr. Boarder served in the United States Air Force from 1975 through 1977,

where after he was honorably discharged and served in the Pennsylvania Air

National Guard from 1977 through 1981. In 1982 Mr. Boarder began to

work for Met Ed/GPU where he spent twenty years holding various

positions including Meter Reader, Utility Man 2nd Class, Meter Reader Chief

and Utility Man 1st Class. After departing from Met Ed/GPU Mr. Boarder

worked at Boyers Food Market for three years (2003-2006) where he served

as a stock person, moved into the position of night manager and finally was promoted to assistant store manager. Mr. Boarder then changed jobs to Fromm Electric where he worked in shipping and receiving and as a delivery driver from 2006-2008. Mr. Boarder then spent a year at Karetas (2009-2010) working as a delivery driver.

28. In or about 2014, Mr. Boarder, concerned for his and his family's safety and desiring to be able to protect himself and his family in their home, attempted to purchase a firearm and was denied.

29. As Mr. Boarder was unaware of any putative disability, he filed a Pennsylvania Instant Check System Challenge Form, to which the Pennsylvania State Police responded stating that he was denied by the Federal Bureau of Investigations, as his 2003 conviction for DUI in Pennsylvania was putatively prohibiting under 18 U.S.C. § 922(g)(1).

30. Thus, as a result of his 2003 DUI conviction, Defendants contend that Plaintiff Boarder lost, in perpetuity, his right to own, possess, use, or purchase a firearm or ammunition by operation of 18 U.S.C.§ 922(g)(1).

31. ATF Philadelphia Division Counsel Kevin White previously confirmed to the Attorney Joshua Prince that an individual convicted of a misdemeanor of the first degree DUI is prohibited under Section 922(g)(1) and there is currently no mechanism available in Pennsylvania or under federal law for

Mr. Boarder to obtain relief from his federal disability, as a result of his isolated DUI conviction.

32. Mr. Boarder is a responsible, law-abiding citizen with no history of violent behavior or other conduct that would suggest he poses any threat or danger.

33. Mr. Boarder desires and intends to purchase, possess and utilize firearms for self-defense and for defense of his family, including within his home.

34. Mr. Boarder, after learning of the Defendants' position in relation to his 2003 conviction, has abstained from attempting to purchase a firearm or apply for a LTCF, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he attempt to purchase or possess a firearm, based on the statements of ATF Counsel White.

35. Mr. Boarder is unwilling to purchase, possess or utilize a firearm, because doing so would subject him to arrest, prosecution, fine and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1), based on the statements of ATF Counsel White.

36. Therefore, Mr. Boarder cannot possess a firearm within his own home for the protection of himself or his family, the core of the fundamental right guaranteed by the Second Amendment. *See District of Columbia v. Heller*, 554 U.S. 570, 581 (2008).

## STATUTES AND REGULATIONS

37.  18 U.S.C. § 922(g) provides the following:

(g) It shall be unlawful for any person –

…

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

…

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

38.  Pursuant to 18 U.S.C. § 921(a)(20)

The term "crime punishable by imprisonment for a term exceeding one year" does not include –

(A)    any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B)    any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms

39. Pursuant to 75 Pa.C.S. § 3731 [5], the DUI code under which Mr. Boarder was convicted, a third offense is graded as a misdemeanor of the 1st degree, which pursuant to 18 Pa.C.S. § 106(b)(6) can be punished by up to five years.

40. Therefore, Mr. Boarder's conviction is a misdemeanor of the 1st degree in Pennsylvania, which, pursuant to 18 U.S.C. §§ 921(a)(20) and 922(g)(1) is a crime punishable by imprisonment for a term exceeding one year.

41. While DUI is not to be countenanced, it is not a serious crime, as historically viewed by the Founding Fathers.

42. In fact, the Third Circuit in *Binderup* acknowledged that a misdemeanor corruption of a minor conviction and a misdemeanor conviction for unlawfully carrying a firearm were not historically serious enough crimes to strip one of his/her Second Amendment right. 836 F.3d at 351.

43. Similar to the crimes involved in *Binderup*, a DUI does not involve violence nor is there an element of violence to be proven for a conviction. *Id*. at 352.

44. Furthermore, consistent with the Third Circuit's decision in *Binderup*, Mr. Boarder's sentence was minor by any measure.

---

[5] Repealed.

45. Moreover, the cross-jurisdictional consensus regarding the seriousness of such an offense is rather disparate in some regards but in no circumstance do they support the loss of a constitutional right, as a result of a second offense.

46. All states have laws which prohibit DUI, with the majority having the limit of an individuals BAC .08%, save for Utah which recently passed a law reducing it to .05%.

47. *Binderup* not only requires an analysis of whether there is a consensus amongst the states to punish the disqualifying offense but also whether there is a consensus to the severity of such punishment.

48. With regards to DUI, states disparately punish the offense based on a variety of factors including:

   a. Number and frequency of prior offenses;

   b. Severity of the BAC;

   c. Age and occupation of the offender (*i.e.* whether the offender is a commercial or bus driver);

   d. Whether a minor was present in the vehicle; and

   e. Whether the offense resulted in harm to another.

49. However, in relation to the severity of any statutorily approved punishment, the cross-jurisdictional consensus lacks any support for stripping an

individual, as a result of a second DUI, from his/her right to keep and bear arms, in perpetuity.

50. Pursuant 18 U.S.C. § 925(c), an individual prohibited from acquiring a firearm may apply to the Attorney General for relief from the prohibition, which the Attorney General may grant if "the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest."

51. The ATF has promulgated a rule detailing the manner that a review under 18 U.S.C. § 925(c) may be sought. *See*, 27 C.F.R. § 478.144.

52. However, notwithstanding the provisions of 18 U.S.C. § 925(c) and 27 C.F.R.§ 478.144, which purport to provide a means to request relief for an individual prohibited from acquiring a firearm, the United States Congress has specifically denied any funding "to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c)." The Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–235, 128 Stat. 2130, which was re-enacted by the Further Continuing Appropriations Act, 2016, Pub. L. No. 114-96, 129 Stat. 2193.

53. Due to the above lack of funding, ATF does not in fact provide any review under 18 U.S.C. § 925(c) to provide relief from a federal prohibition on purchasing, possessing or utilizing a firearm.

54. Because Defendant ATF does not provide a review for relief from a federal prohibition on acquiring or possessing a firearm, Plaintiff Boarder cannot avail himself of any federal procedure to vindicate his Second Amendment rights on the basis that he does not present a threat to himself or others.

55. ATF Philadelphia Division Counsel Kevin White previously confirmed to Attorney Prince that there is currently no mechanism available in Pennsylvania or under federal law for Mr. Boarder to obtain relief from his federal disability, as a result of his conviction, absent a pardon or Second Amendment *as-applied* challenge.

## COUNT I: SECOND AMENDMENT *AS-APPLIED* VIOLATIONS
### (*Plaintiff v. All Defendants*)

56. The foregoing paragraphs are hereby incorporated herein as if set forth in full.

57. The Second Amendment states that "the right of the people to keep and bear arms shall not be infringed."

58. The Supreme Court has held that the right to keep and bear arms is a fundamental right, the core of which is to allow individuals to keep arms in their own homes for self-defense. *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008).

59. The Third Circuit Court of Appeals in *Binderup v. AG of United States*, 836 F.3d 336 (3d Cir. 2016) held that an individual can successfully bring a Second Amendment *as-applied* challenge to a non-violent misdemeanor conviction which results in a firearm and ammunition disability.

60. Defendants Lynch, Brandon, McCabe, and the United States have, together and separately, violated Mr. Boarder's Second Amendment rights by denying him, in perpetuity, the ability to purchase and possess a firearm as a result of a DUI conviction, where no other person was injured.

61. Defendants' custom, practice, and policy of prohibiting individuals who have been convicted of a DUI is an infringement and an impermissible burden on Mr. Boarder's right to Keep and Bear Arms pursuant to the Second Amendment of the U.S. Constitution, especially in light of the fact that his crime is not historically considered to be a serious offense and his sentence was relatively minor.

62. Moreover, the current enforcement policies of Defendants prevent Mr. Boarder from legally purchasing or possessing a firearm and ammunition.

63. Therefore, as a direct and proximate result of the above infringement and impermissible burden on Mr. Boarder's Second Amendment rights, Mr. Boarder has suffered – and continues to suffer – from an unlawful deprivation of his fundamental constitutional right to Keep and Bear Arms.

64. Mr. Boarder has incurred attorney fees and costs as a direct result of prosecuting the present court action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kevin Boarder respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, as follows:

a) Declare that 18 U.S.C. § 922(g)(1), its derivative regulations, and all related laws, policies, and procedures violate Plaintiff's right to Keep and Bear Arms as guaranteed by the Second Amendment to the United States Constitution;

b) Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiff 18 U.S.C. § 922(g)(1) and all its derivative regulations, and all related laws, policies, and procedures that would impede or criminalize Plaintiff's exercise of his right to Keep and Bear Arms;

c) Award Plaintiff costs and attorney fees and expenses to the extent permitted under 28 U.S.C. § 2412 and 18 U.S.C. § 925a; and

d) Grant any and all other equitable and/or legal remedies this Court may see fit.

Respectfully Submitted,

_____

Adam Kraut, Esq.
AKraut@PrinceLaw.com

_____

Joshua Prince, Esq.
Joshua@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)